IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RALPH BECK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:16-cv-00060 |
| SHANA LESTER | ) |
| and | ) |
| CRYSTAL V. L. RIVERS | ) |
| Defendants. | ) |

## **BRIEF IN SUPPORT OF MOTION TO REMAND**

There is no conceivable basis for federal jurisdiction in this case. In her Notice of Removal, defendant Crystal Rivers ("Rivers") invokes 28 U.S.C. § 1332(a) as the basis for removal.[1] But for diversity jurisdiction to exist under that statute the suit must be between citizens of different states – meaning that *each* defendant must be a citizen of a *different* state from the plaintiff. 28 U.S.C. § 1332(a); *Gordon v. Hartford Fire Ins. Co.*, 105 Fed. Appx. 476, 481 (4th Cir. 2004). Here, the State Court Complaint plainly shows that the plaintiff is a resident of the Commonwealth of Virginia, and that **both** of the defendants are residents of the Commonwealth of Virginia. Rivers concedes this – the Civil Cover Sheet she completed, signed and filed with the Court plainly reflects that the plaintiff and the defendants are all citizens of Virginia.[2] The suggestion that the Court has diversity jurisdiction is frivolous.

WOODS ROGERS PLC
ATTORNEYS AT LAW

---

[1] Notice of Removal, ¶ 7. Rivers mistakenly references the statute as "28 U.S.C. § 13329(a)."
[2] Civil Cover Sheet, Docket No. 1-1, Sections I & III.

Moreover, as a citizen of the Commonwealth of Virginia, Rivers cannot remove the case on the basis of diversity of citizenship (even if diversity jurisdiction otherwise existed) because she is a resident of the forum state. 28 U.S.C. § 1441 (b)((2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

In contradiction of the assertions in the Notice of Removal, on the Civil Cover Sheet Rivers checked a box stating that the basis for jurisdiction is that there is a "Federal Question."[3] But a review of the State Court Complaint shows that the causes of action asserted by the Plaintiff are all State law claims. The Complaint seeks to quiet title to real property located in Bedford County, Virginia (Count I); seeks a declaratory judgment under Virginia Code §§ 8.01-184 *et seq.* as to the validity of a document filed in the real estate records in Bedford County, Virginia (Count II); seeks money damages for breach of a contract between two Virginia residents (Count III); seeks contractual indemnification under a contract between two Virginia residents (Count IV); and seeks recovery of attorneys' fees under a provision in that same contract (Count V).[4] These are all claims arising purely under State law and implicating State concerns. Because federal law does not form the basis for any of the causes of action asserted by the Plaintiff, and the Plaintiff's claims do not raise or implicate any federal issue at all, there is no federal question jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

Whether federal question jurisdiction exists must be determined solely from the Plaintiff's State Court Complaint, as federal jurisdiction cannot be predicated on a counterclaim. *Holmes Group v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim –

Woods Rogers PLC
ATTORNEYS AT LAW

---

[3] *Id.*, Section II.
[4] The State Court Complaint is filed as Docket No. 1-2.

which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction."). So any causes of action which Rivers has asserted in her State Court Counterclaim – or which she might intend to assert in the future – cannot create federal question jurisdiction.[5] There is no colorable argument that this action presents any federal question whatsoever.

The Notice of Removal is also procedurally improper[6] – but the Court need not even reach those issues because it is clear that no federal jurisdiction exists and that the case must therefore be remanded back to the Circuit Court of Bedford County, Virginia.

Respectfully submitted,

RALPH BECK

By **/s/ Mark D. Loftis**
_____
             Of Counsel

Mark D. Loftis, Esq. (VSB #30285)
loftis@woodsrogers.com
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1400
10 South Jefferson Street
P. O. Box 14125
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711

*Counsel for Ralph Beck*

---

[5] The Civil Cover Sheet does not identify any federal statute that gives rise to any cause of action, nor does it describe any federal cause of action. *See* Docket No. 1-1, Section VII.

[6] Defendant Rivers failed to file the notice of removal within 30 days of service of the State Court Complaint upon her as required by 28 U.S.C. § 1446(b)(2)(B); failed to obtain the consent of the co-defendant, Shana Lester, as required by 28 U.S.C. § 1446(b)(2)(A); and failed to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in" the State Court action as required by 28 U.S.C. § 1446(a).

*{#1965222-1, 113596-00003-01}*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2016, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that on that same date a true copy of the foregoing was sent via first-class mail to the following who are not participants in the CM/ECF system:

>Steven R. Grant, Esq.
>1 Cedar Hill Ct # C
>Bedford, Virginia 24523
>>*Counsel for Defendant Shana Lester*

>Crystal Rivers
>3831 Old Forest Road, Suite 6
>Lynchburg, Virginia 24501
>>*Pro se*

**/s/ Mark D. Loftis**