IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| RALPH BECK, | |
|---|---|
| *Plaintiff*, | CASE NO. 6:16–cv–00060 |
| v. | |
| | ORDER REMANDING CASE |
| CRYSTAL V.L. RIVERS, *ET AL.*, | |
| | JUDGE NORMAN K. MOON |
| *Defendants.* | |

Defendant Crystal V.L. Rivers, *pro se*, removed this case from the Bedford County Circuit Court. Although federal jurisdiction is obviously lacking, the Court must first pass briefly on Rivers' companion motion for my recusal.

Recusal is required when a judge's impartiality "might reasonably be questioned," or when the judge, *inter alia*, has a "personal bias" regarding a party or knows that "a person within the third degree of relationship" has an interest that could be affected by the outcome of the case. 28 U.S.C. § 455(a)-(b). The standard for recusal under Section 455(a) is based on an objective standard, *i.e.*, whether "a reasonable person, with knowledge of all the facts of the case, would question the judge's impartiality." *United States v. Mikalajunas*, 974 F.2d 1333 (4th Cir. 1992) (table decision). Under either subsection, the party seeking recusal has the burden of putting forth facts that show the requirements of the statute are met. *See United States v. DeTemple*, 162 F.3d 279, 285–88 (4th Cir. 1998); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 857 (E.D. Va. 2012); *Howard v. W. Virginia Div. of Corr.*, No. 2:13-CV-11006, 2016 WL 1173152, at *8 (S.D. W. Va. Mar. 22, 2016).

The motion contains a single paragraph explaining why Rivers thinks I should be recused. It alleges that I have a "'personal bias' regarding family members and local attorneys that can be added . . . and called as witnesses." Except for one person discussed below, Rivers does not explain who these supposed witnesses are, much less why or how I would be biased regarding them.

Rivers does claim that a family member "has had and may still have a financial interest that could be substantially affected by the outcome of the proceeding." But once again, Rivers does not identify what that financial interest is or how it would be affected by this proceeding. She simply attaches, without explanation, a 51-page exhibit containing various documents. While a few of these documents are signed by the family member referred to by Rivers, it is not apparent what those documents (or any others in Rivers' attachment) have to do with this case.

In light of these points, I find there are no grounds for my recusal from this case. Rivers has not put forth facts showing that the standards of recusal are satisfied, because she fails to explain, among other things: what the alleged underlying interests at stake are; how those interests are connected to myself or a family member; and how a decision in this case would bear upon those purported interests. Accordingly, the motion to recuse is **DENIED**.

This brings us to Plaintiff's motion to remand and the lack of jurisdiction. The state court complaint involves only state law claims, so diversity jurisdiction is the only possible basis for removal. There are at least four reasons this case must be remanded.

First, diversity of citizenship is absent because the parties are all Virginia citizens, according to the face of the complaint and Rivers' civil cover sheet. (Dkt. 1-1; dkt. 1-2 at ¶¶ 4-6). Second, Rivers—as a citizen of Virginia—is barred by the "home state" rule from removing a Virginia state court case to Virginia federal court. *See* 28 U.S.C. § 1441(b)(2). Third, there is

– 2 –

Case 6:16-cv-00060-NKM   Document 6   Filed 10/11/16   Page 2 of 3   Pageid#: 265

no indication that Rivers obtained the consent of her co-defendant to remove the case, which is a prerequisite to removal. *See* 28 U.S.C. § 1446(b)(2)(A). Fourth, removal is untimely because Rivers did not remove within 30 days after she received the complaint. *See* 28 U.S.C. § 1446(b)(2)(B). Indeed, Rivers filed an answer and counterclaims in state court on February 16, 2016, almost eight months before she removed the case. (Dkt. 1 at 1-2).

For these reasons, the motion to remand is **GRANTED**. This case is hereby **REMANDED** to the Bedford County Circuit Court. The Clerk is directed to strike this case from the active docket of the Court.

Finally, this is the second time in three months that Rivers has removed a case to this Court in which there were multiple, obvious reasons that doing so was improper. *See Rivers v. Sanzone, et al.*, No. 6:16-cv-43 (W.D. Va. July 28, 2016). Rivers is afforded some leeway due to her *pro se* status. However, she is hereby **ADVISED** that federal law permits the Court to impose expenses and attorney fees on a person who improperly removes a case. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Although the Court does not take that step now, future frivolous notices of removal may subject Rivers to paying the costs, expenses, and attorney fees incurred by an opposing party.

The Clerk is directed to send a copy of this order to counsel of record and to Rivers.

Entered this __11th__ day of October, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

– 3 –